UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

STEPHEN WARD                                                                                        PLAINTIFF

v.                                                                            CIVIL ACTION NO. 3:08CV-358-S

EXXON MOBIL CORPORATION                                                              DEFENDANT

### MEMORANDUM OPINION

  This matter is before the court on motion of the defendant, Exxon Mobil Corporation, to dismiss the complaint for lack of personal jurisdiction and for failure of the plaintiff to join two indispensable parties to the suit. Fed.R.Civ.P. 12(b)(2) and 12(b)(7).

  The plaintiff, Stephen Ward, is an Indiana resident. He was employed by Qatargas Operating Company, Ltd. and was working under a three-year contract as a technical writer in Qatar. Qatargas' main office was located in Ras Laffan Industrial City, Qatar. The complaint alleges that on April 7, 2008, Qatargas fired Ward from his employment as a result of a campaign of defamation against Ward by employees of Training Partners, Ltd. ("TPL") and Exxon Mobil Corporation. Compl., ¶¶ 4-7. Ward claims that after his firing, he was delayed for a number of days from leaving Qatar by Exxon and Qatargas who sought to coerce him into signing a release of claims against Exxon. Compl., ¶ 8.

  Ward has filed suit against Exxon in this court. He has not sued Qatargas or TPL. Exxon is a New Jersey Corporation headquartered in Texas. Exxon is licensed and does business in Kentucky, as it does worldwide. It has a registered agent for service of process in the Commonwealth. However, none of the events giving rise to this complaint occurred in Kentucky or have any connection to Exxon's business activities in Kentucky. Ward has no connection to

Kentucky. He is a resident of Indiana. He states only that he flew to Louisville International Airport on his way home from Qatar.

Kentucky's long-arm statute, KRS 454.210(2)(a)(4) states in pertinent part:

A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's...[c]ausing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth.

There has been no showing of any tortious injury in Kentucky, as Ward has not been shown to have any connection to Kentucky, beyond traveling through Louisville's airport on a single occasion. Further, there has been no showing that any tortious injury arose out of the doing or soliciting of business by Exxon or a persistent course of conduct or derivation of substantial revenue by Exxon in Kentucky.

Ward seeks to avoid dismissal by urging that fairness requires an exercise of jurisdiction over Exxon because it has an agent for service of process here and has more than minimum contacts with Kentucky in the course of its business dealings. First, the mere designation of a service agent in compliance with the service-of-process statute does not automatically eliminate the requirement of minimum contacts to establish personal jurisdiction. *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993), *citing, Bendix Autolite Corp. v. Midwesco Enterprises, Inc.*, 486 U.S. 888, 892-93, 108 S.Ct. 2218, 2221-22, 100 L.Ed.2d 896 (1988). Additionally, while the inquiry under the Kentucky long-arm statute has been found to be co-extensive with the requirements of Due Process, Ward's failure to satisfy the specific statutory requirements counsels against a finding of personal jurisdiction. Despite Exxon's national presence as a refiner and distributor of petroleum products, including sales in Kentucky, the claims in this case have not been shown to have any connection to any Kentucky business activity or receipt of revenue by Exxon whatsoever. *See, Spectrum Scan,*

*LLC v. AGM California*, 519 F.Supp2d 655, 657 (W.D.Ky. 2007), *citing, Auto Channel, Inc. v. Speedvision Network*, 995 F.Supp. 761, 763 (W.D.Ky. 1997).

Additionally, Ward was working under contract for Qatargas in Qatar. He alleges that his discharge from his employment was wrongful, and thus he suffered various forms of injury. Paragraph 8 of his contract with Qatargas states that "[t]his Contract shall be construed and interpreted in accordance with the Laws of the State of Qatar. The Qatari Courts shall have an exclusive jurisdiction to determine any dispute arising out or relating to the performance of this Contract." The complaint alleges that TPL and Exxon conspired to defame Ward and to cause his to be fired, that Qatargas, in fact, fired Ward as a result of TPL and Exxon's efforts, and that Qatargas and Exxon conspired to cause Ward to relinquish his right to bring suit on account of his wrongful discharge from his employment.

Ward has brought suit only against Exxon. It appears clear that personal jurisdiction cannot be exercised over TPL or Qatargas. While the court need not decide the issue, it appears likely that TPL or Qatargas or both of them may be indispensable parties to the suit. *See, ie., Haas v. Jefferson National Bank of Miami Beach*, 442 F.2d 394 (5th Cir. 1971) noting:

> ...we begin with the formulation of *Shields v. Barrow*, 58 U.S. (17 How.) 130, 139, 15 L.Ed. 158 (1854). Indispensable persons were defined as "[p]ersons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."

In keeping with the Fed.R.Civ.P. 19(b) determination where joinder of necessary parties is not feasible, this court would be required to consider

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

- 4 -

    (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed.R.Civ.P. 19(b).

The court has already found that there is no personal jurisdiction in this matter over Exxon. Therefore we need not decide the joinder question. We simply note herein that, on the present record, it appears that Ward would face an uphill battle to establish that the issues regarding the termination of his employment contract with Qatargas and its alleged conspiratorial plan to detain Ward in Qatar could be adjudicated without the presence of Qatargas, and possibly TPL,[1] as defendants.

For the reasons set forth herein, the motion of Exxon to dismiss the complaint for lack of personal jurisdiction will be granted by separate order.

**IT IS SO ORDERED.**

---

[1] The complaint alleges very little about TPL's involvement in the alleged conspiracies.